John van Loben Sels (SBN 201354)
jvanlobensels@thoits.com
Soyeun Choi (SBN 211344)
schoi@thoits.com
Brittany Nobles (SBN 343513)
bnobles@thoits.com
THOITS LAW
A Professional Corporation
400 Main Street, Suite 250
Los Altos, CA 94022
Telephone: +1 650 327 4200
Facsimile: +1 650 325 5572

*Attorneys for Defendants*,
DAWSON L. DAVENPORT, ROBERT A. GUNTON,
ANDREA J. LINDSTROM, AND MICHAEL P. OWENS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON L. DAVENPORT, an individual; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON, an individual, ANDREA J. LINDSTROM, an individual, MICHAEL P. OWENS, DUSTIN B. TILLMAN, JULIE A. YALE; and ZEESHAWN ZIA,<br><br>Defendants. | Case No.: 8:21-cv-1427<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**<br><br>Judge: Hon. Josephine Staton<br>Courtroom 8A<br><br>Complaint Filed: May 24, 2021<br>Trial Date: August 8, 2022 |

THOITS LAW
A PROFESSIONAL CORPORATION

Defendants Dawson Davenport, Robert A. Gunton, Andrea J. Lindstrom, and Michael P. Owens (collectively, "Defendants") answer the Complaint filed by the Securities and Exchange Commission ("Plaintiff" or the "SEC" or the "Commission") as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

## SUMMARY

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendant Dawson Davenport ("Davenport") admits that he is a resident of Irvine, California, and that he is the principal of Davenport Consulting Group, Inc. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 16 of the Complaint and, therefore, deny the allegations of Paragraph 16 of the Complaint.

17. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 17 of the Complaint and, therefore, deny the allegations of Paragraph

THOITS LAW
A PROFESIONAL CORPORATION

17 of the Complaint.

18. Defendant Robert A. Gunton ("Gunton") admits he is a resident of Tustin, California. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 18 of the Complaint and, therefore, deny the allegations of Paragraph 18 of the Complaint.

19. Defendant Andrea J. Lindstrom ("Lindstrom") admits she is a resident of Anaheim, California. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and, therefore, deny the allegations of Paragraph 19 of the Complaint.

20. Defendant Michael P. Owens ("Owens") admits he is a resident of Newport Coast, California and is a principal in multiple entities. Owens denies the remaining allegations of Paragraph 20 as stated by the Complaint. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and, therefore, denies the allegations in Paragraph 20 of the Complaint.

21. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 21 of the Complaint and, therefore, deny the allegations of Paragraph 21 of the Complaint.

22. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 22 of the Complaint and, therefore, deny the allegations of Paragraph 22 of the Complaint.

23. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 23 of the Complaint and, therefore, deny the allegations of Paragraph 23 of the Complaint.

## ALLEGATIONS

24. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 24 of the Complaint and, therefore, deny the allegations of Paragraph 24 of the Complaint.

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

25. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 25 of the Complaint and, therefore, deny the allegations of Paragraph 25 of the Complaint.

26. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 26 of the Complaint and, therefore, deny the allegations of Paragraph 26 of the Complaint.

27. Owens admits that he met Defendant Dustin Tillman in 2013, however, Owens lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 27 of the Complaint and, therefore, deny the allegations of Paragraph 27 of the Complaint. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 27 of the Complaint and, therefore, deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 29 of the Complaint and, therefore, deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants lack knowledge sufficient to admit or deny the allegations of

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESSIONAL CORPORATION

Paragraph 41 of the Complaint and, therefore, deny the allegations of Paragraph 41 of the Complaint.

42. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 42 of the Complaint and, therefore, deny the allegations of Paragraph 42 of the Complaint.

43. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 43 of the Complaint and, therefore, deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants lack information sufficient to admit or deny Paragraph 46 of the Complaint and, therefore, deny the allegations of Paragraph 46 of the Complaint.

47. Defendants lack information sufficient to admit or deny Paragraph 47 of the Complaint and, therefore, deny the allegations of Paragraph 47 of the Complaint.

48. Defendants lack information sufficient to admit or deny Paragraph 48 of the Complaint and, therefore, deny the allegations of Paragraph 48 of the Complaint.

49. Defendants lack information sufficient to admit or deny Paragraph 46 of the Complaint and, therefore, deny the allegations of Paragraph 46 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendant Owens denies the allegations of Paragraph 51 of the Complaint. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 51 of the Complaint and, therefore, deny the allegations of Paragraph 51 of the Complaint.

52. Defendant Owens denies the allegations of Paragraph 52 of the

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

Complaint. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 52 of the Complaint and, therefore, deny the allegations of Paragraph 52 of the Complaint.

53. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 53 of the Complaint and, therefore, deny the allegations of Paragraph 53 of the Complaint.

54. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 54 of the Complaint and, therefore, deny the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 56 of the Complaint and, therefore, deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 the Complaint.

58. Defendants deny the allegations in Paragraph 58 the Complaint.

59. Defendants deny the allegations in Paragraph 59 the Complaint.

60. Defendants deny the allegations in Paragraph 60 the Complaint.

61. Defendants deny the allegations in Paragraph 61 the Complaint.

62. Defendant Davenport denies the allegations of Paragraph 62 of the Complaint. Remaining Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 62 of the Complaint and, therefore, deny the allegations of Paragraph 62 of the Complaint.

63. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 63 of the Complaint and, therefore, deny the allegations of Paragraph 63 of the Complaint.

64. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 64 of the Complaint and, therefore, deny the allegations of Paragraph 64 of the Complaint.

THOITS LAW
A PROFESIONAL CORPORATION

THOITS LAW

A PROFESSIONAL CORPORATION

65. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 65 of the Complaint and, therefore, deny the allegations of Paragraph 65 of the Complaint.

66. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 66 of the Complaint and, therefore, deny the allegations of Paragraph 66 of the Complaint.

67. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 67 of the Complaint and, therefore, deny the allegations of Paragraph 67 of the Complaint.

68. Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 68 of the Complaint and, therefore, deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint

72. Defendants lack knowledge sufficient to admit or deny Paragraph 72 of the Complaint and, therefore, Defendants deny Paragraph 72 of the Complaint.

73. Defendants deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

88. Defendants deny the allegations of Paragraph 88 of the Complaint.

89. Defendants deny the allegations of Paragraph 89 of the Complaint.

90. Defendants deny the allegations of Paragraph 90 of the Complaint.

91. Defendants deny the allegations of Paragraph 91 of the Complaint.

92. Defendants deny the allegations of Paragraph 92 of the Complaint.

93. Defendants deny the allegations of Paragraph 93 of the Complaint.

94. Defendants deny the allegations of Paragraph 94 of the Complaint.

95. Defendants deny the allegations of Paragraph 95 of the Complaint.

96. Defendants deny the allegations of Paragraph 96 of the Complaint.

97. Defendants deny the allegations of Paragraph 97 of the Complaint.

98. Defendants deny the allegations of Paragraph 98 of the Complaint.

99. Defendants deny the allegations of Paragraph 99 of the Complaint.

100.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 100 of the Complaint and, therefore, deny the allegations of Paragraph 100 of the Complaint.

101.    Defendants deny the allegations of Paragraph 101 of the Complaint.

102.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 102 of the Complaint and, therefore, deny the allegations of Paragraph 102 of the Complaint.

103.    Defendants deny the allegations of Paragraph 103 of the Complaint.

104.    Defendants deny the allegations of Paragraph 104 of the Complaint.

THOITS LAW
A PROFESSIONAL CORPORATION

105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 107 of the Complaint and, therefore, deny the allegations of Paragraph 107 of the Complaint.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 110 of the Complaint and, therefore, deny the allegations of Paragraph 110 of the Complaint.

111.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 111 of the Complaint and, therefore, deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

114.    Defendants deny the allegations of Paragraph 114 of the Complaint.

115.    Defendants deny the allegations of Paragraph 115 of the Complaint.

116.    Defendants deny the allegations of Paragraph 116 of the Complaint.

117.    Defendants deny the allegations of Paragraph 117 of the

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

Complaint.

118.     Defendants deny the allegations of Paragraph 118 of the Complaint.

119.     Defendants l the allegations of Paragraph 119 of the Complaint.

120.     Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 120 of the Complaint and, therefore, deny the allegations of Paragraph 120 of the Complaint.

121.     Defendants deny the allegations of Paragraph 121 of the Complaint.

122.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 122 of the Complaint and, therefore, deny the allegations of Paragraph 122 of the Compliant.

123.     Defendants deny the allegations of Paragraph 123 of the Complaint.

124.     Defendants deny the allegations of Paragraph 124 of the Complaint.

125.     Defendants deny the allegations of Paragraph 125 of the Complaint.

126.     Defendants deny the allegations of Paragraph 126 of the Complaint.

127.     Defendants deny the allegations of Paragraph 127 of the Complaint.

128.     Defendants deny the allegations of Paragraph 128 of the Complaint.

129.     Defendants deny the allegations of Paragraph 129 of the Complaint.

130.     Defendants deny the allegations of Paragraph 130 of the Complaint.

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

131.     Defendants deny the allegations of Paragraph 131 of the Complaint.

132.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 132 of the Complaint and, therefore, deny the allegations of Paragraph 132 of the Complaint.

133.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 133 of the Complaint and, therefore, deny the allegations of Paragraph 133 of the Complaint.

134.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 134 of the Complaint and, therefore, deny the allegations of Paragraph 134 of the Complaint.

135.     Defendants deny the allegations of Paragraph 135 of the Complaint.

136.     Defendants deny the allegations of Paragraph 136 of the Complaint.

137.     Defendants deny the allegations of Paragraph 137 of the Complaint.

138.     Defendants deny the allegations of Paragraph 138 of the Complaint.

139.     Defendants deny the allegations of Paragraph 139 of the Complaint.

140.     Defendants deny the allegations of Paragraph 140 of the Complaint.

141.     Defendants deny the allegations of Paragraph 141 of the Complaint.

142.     Defendants deny the allegations of Paragraph 142 of the Complaint.

143.     Defendants deny the allegations of Paragraph 143 of the

THOITS LAW
A PROFESSIONAL CORPORATION

Complaint.

144.    Defendants deny the allegations of Paragraph 144 of the Complaint.

145.    Defendants deny the allegations of Paragraph 145 of the Complaint.

146.    Defendants deny the allegations of Paragraph 146 of the Complaint.

147.    Defendants deny the allegations of Paragraph 147 of the Complaint.

148.    Defendants deny the allegations of Paragraph 148 of the Complaint.

149.    Defendants deny the allegations of Paragraph 149 of the Complaint.

150.    Defendants deny the allegations of Paragraph 150 of the Complaint.

151.    Defendants deny the allegations of Paragraph 151 of the Complaint.

152.    Defendants deny the allegations of Paragraph 152 of the Complaint.

153.    Defendants deny the allegations of Paragraph 153 of the Complaint.

154.    Defendants deny the allegations of Paragraph 154 of the Complaint.

155.    Defendants deny the allegations of Paragraph 155 of the Complaint.

156.    Defendants lack information sufficient to admit or deny the allegations in Paragraph 156 of the Complaint and, therefore, deny the allegations in Paragraph 156 of the Complaint.

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

157.     Defendants deny the allegations of Paragraph 157 of the Complaint.

158.     Defendants deny the allegations of Paragraph 158 of the Complaint.

159.     Defendants deny the allegations of Paragraph 159 of the Complaint.

160.     Defendants deny the allegations of Paragraph 160 of the Complaint.

161.     Defendants deny the allegations of Paragraph 161 of the Complaint.

162.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 162 of the Complaint and, therefore, deny the allegations in Paragraph 163 of the Complaint.

163.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 163 of the Complaint and, therefore, deny the allegations in Paragraph 162 of the Complaint.

164.     Defendants deny the allegations of Paragraph 164 of the Complaint.

165.     Defendants deny the allegations of Paragraph 165 of the Complaint.

166.     Defendants deny the allegations of Paragraph 166 of the Complaint.

167.     Defendants deny the allegations of Paragraph 167 of the Complaint.

168.     Defendants deny the allegations of Paragraph 168 of the Complaint.

169.     Defendants deny the allegations of Paragraph 169 of the Complaint.

170.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 170 of the Complaint and, therefore, deny the allegations in Paragraph 170 of the Complaint.

171.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 171 of the Complaint and, therefore, deny the allegations in Paragraph 171 of the Complaint.

172.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 172 of the Complaint and, therefore, deny the allegations in Paragraph 172 of the Complaint.

173.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 173 of the Complaint and, therefore, deny the allegations in Paragraph 173 of the Complaint.

174.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 174 of the Complaint and, therefore, deny the allegations in Paragraph 174 of the Complaint.

175.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 175 of the Complaint and, therefore, deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 176 of the Complaint and, therefore, deny the allegations in Paragraph 176 of the Complaint.

177.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 177 of the Complaint and, therefore, deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 178 of the Complaint and, therefore, deny the allegations in Paragraph 178 of the Complaint.

THOITS LAW
A PROFESIONAL CORPORATION

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

179.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 179 of the Complaint and, therefore, deny the allegations in Paragraph 179 of the Complaint.

180.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 180 of the Complaint and, therefore, deny the allegations in Paragraph 180 of the Complaint.

181.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 181 of the Complaint and, therefore, deny the allegations in Paragraph 181 of the Complaint.

182.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 182 of the Complaint and, therefore, deny the allegations in Paragraph 182 of the Complaint.

183.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 183 of the Complaint and, therefore, deny the allegations in Paragraph 183 of the Complaint.

184.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 184 of the Complaint and, therefore, deny the allegations in Paragraph 184 of the Complaint.

185.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 185 of the Complaint and, therefore, deny the allegations in Paragraph 185 of the Complaint.

186.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 186 of the Complaint and, therefore, deny the allegations in Paragraph 186 of the Complaint.

187.    Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 187 of the Complaint and, therefore, deny the allegations in Paragraph 187 of the Complaint.

188.    Defendants lack knowledge sufficient to admit or deny the

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

allegations in Paragraph 188 of the Complaint and, therefore, deny the allegations in Paragraph 188 of the Complaint.

189.     Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 189 of the Complaint and, therefore, deny the allegations in Paragraph 189 of the Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

190.     Defendants deny the allegations in Paragraph 190 of the Complaint.

191.     Paragraph 191 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191 of the Complaint.

192.     Paragraph 192 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 192 of the Complaint.

193.     Paragraph 193 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     Paragraph 194 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194 of the Complaint.

195.     Paragraph 195 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195 of the Complaint.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Paragraph 197 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

required, Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Paragraph 198 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     Paragraph 199 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199 of the Complaint.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

200.     Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     Paragraph 201 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 201 of the Complaint.

202.     Paragraph 202 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 202 of the Complaint.

203.     Paragraph 203 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 203 of the Complaint.

204.     Paragraph 204 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 204 of the Complaint.

205.     Paragraph 205 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 205 of the Complaint.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

206.     Defendants deny the allegations in Paragraph 206 of the Complaint.

DEFENDANTS DAVENPORT, OWENS, GUNTON, AND LINDSTROM'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE COMPLAINT

THOITS LAW
A PROFESIONAL CORPORATION

THOITS LAW

A PROFESSIONAL CORPORATION

207.     Paragraph 207 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 207 of the Complaint.

208.     Paragraph 208 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 208 of the Complaint.

209.     Paragraph 209 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209 of the Complaint.

### PLAINTIFF'S FIFTH CLAIM FOR RELIEF

210.     Defendants deny the allegations in Paragraph 210 of the Complaint.

211.     Paragraph 211 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211 of the Complaint.

212.     Paragraph 212 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212 of the Complaint.

213.     Paragraph 213 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants hereby plead the following separate and additional affirmative defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that

Plaintiffs are entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

### First Affirmative Defense

The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Commission's claims are barred, in whole or in part, because Defendants acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act and Exchange Act, and all applicable rules and regulations promulgated thereunder.

### Third Affirmative Defense

The Commission's claim for injunctive relief is barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. The Commission's injunctive relief claim is further barred, because the adverse effects of an injunction far outweigh any benefit from an injunction.

### Fourth Affirmative Defense

The Commission's claim for penalties is barred because, *inter alia*, any alleged violation was isolated and/or unintentional.

### Fifth Affirmative Defense

The Commission's claim for disgorgement is barred because, *inter alia*, none of Defendants ever received any ill-gotten profits or direct economic gains as a result of any wrongful conduct alleged in the Complaint.

### Sixth Affirmative Defense

The Commission's claim for civil penalties under Section 20(d) of the Securities Act, and Section 21(d)(3) and of the Exchange Act, because none of Defendants violated the Securities Act, an SEC rule, or a cease-and-desist

THOITS LAW
A PROFESSIONAL CORPORATION

order.

## <u>Additional Affirmative Defenses</u>

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, DEFENDANTS pray for the Court to enter an Order:

1. Entering judgment in favor of Defendants and against the Commission on all alleged claims for relief;

2. Dismissing the Complaint with prejudice; and

3. Granting all such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Defendants hereby demand a trial by jury on all issues so triable.

Dated: July 27, 2022                    Respectfully submitted,

THOITS LAW
A Professional Corporation

/s/ John van Loben Sels
John van Loben Sels

*Attorneys for Defendants*,
DAWSON L. DAVENPORT, ROBERT A. GUNTON, ANDREA J. LINDSTROM, and MICHAEL P. OWENS