KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON L. DAVENPORT; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON; ANDREA J. LINDSTROM; MICHAEL P. OWENS; DUSTIN B. TILLMAN; JULIE A. YALE; and ZEESHAWN S. ZIA,<br><br>Defendants. | Case No. 8:19-cv-01559-JLS-JDE<br><br>**JOINT WITNESS LIST**<br><br>Final Pretrial Conference<br>Date: March 8, 2024<br>Time: 10:30 a.m.<br>Ctrm: 8A<br>Judge: Hon. Josephine L. Staton |

In accordance with Fed. R. Civ. P. 26(a)(3)(A)(i) and (ii), C.D. Cal. Local Rule 16-5, and the Court's February 16, 2022 Civil Trial Order, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Robert A. Gunton ("Gunton"), Andrea J. Lindstrom ("Lindstrom"), Michael P. Owens ("Owens") and Julie A. Yale ("Yale") (collectively, "the Parties") hereby submit the following list of witnesses, other than those offered solely for impeachment purposes, that the Parties expect to present at trial and may call if the need arises (marked by a *).

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| 1. | Tillman, Dustin | SEC / 2.5 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 3.0 hrs. Yale / 0.75 hour | Elite CEO. Testimony regarding hiring Defendants for Elite's capital raise; role of Defendants in Elite's capital raise; status of Elite's acquisitions; lack of knowledge of RMMH sales. | |
| 2. | Zia, Zeeshawn | SEC / 2 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 3.0 hrs. Yale / 0.75 hour | Elite founder. Testimony regarding hiring Defendants for Elite's capital raise; role of Defendants in Elite's capital raise; status of Elite's acquisitions; lack of knowledge of RMMH sales. | |
| 3. | Esmaili, Mehrad | SEC / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.5 hrs. (to the extent the | Boiler room salesperson. Testimony regarding transaction-based compensation, limited job | |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | responsibilities; and role of and communications with defendants. | |
| 4. | Greeley, Kent | SEC / 1.0 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.50 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | Boiler room salesperson. Testimony regarding transaction-based compensation, limited job responsibilities. and role of defendants. | The SEC has already identified a witness to testify concerning alleged transaction-based compensation, limited job responsibilities, and the role of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. See, third party witnesses identified, *infra*. |

2

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| 5. | Moy, Lawrence | SEC / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.50 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | Boiler room salesperson; testimony regarding transaction-based compensation, limited job responsibilities, role of defendants. | The SEC has already identified a witness to testify concerning alleged transaction-based compensation, limited job responsibilities, and the role of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. See, third party witnesses identified, *infra*. |
| 6. | Whitmore, Timothy | SEC / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.5 hrs. (to the extent the SEC may offer this witness's non- | Boiler room salesperson. Testimony regarding transaction-based compensation, limited job responsibilities, role of defendants. | The SEC has already identified a witness to testify concerning alleged transaction-based compensation, limited job responsibilities, and the role of Defendants in |

3

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
|  |  |  | cumulative testimony)  Yale / 0.25 hour |  | support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. See, third party witnesses identified, *infra*. |
| 7. | Abma, Joanne | SEC / 0.75 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.5 hrs. Yale / 0.25 hour | Elite HR manager. Testimony regarding payment of transaction-based compensation to boiler room salespersons; division of responsibilities between boiler room salespersons compared to other Elite employees; role of defendants. | The SEC has already identified a witness to testify concerning alleged transaction-based compensation, limited job responsibilities, and the role of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently |

4

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | | | detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. See, third party witnesses identified, *infra*. |
| 8. | Mohamed, Essam | SEC / 2.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 1.0 hrs. | Elite General manager. Testimony regarding employment of boiler room salespersons; boiler room salespersons bringing investors to Elite; role of Defendants; Defendants' ability to hire and fire boiler room salespersons; funds raised by boiler room; Defendants' control over Elite communications | |
| 9. | Owens, Michael | SEC / 3 hours<br><br>Defs. Davenport, Owens, Gunton, and Lindstrom/ 6.0 hrs. | Defs. Davenport, Owens, Gunton, and Lindstrom/ 1.0 hrs.<br><br>Yale / 1.00 hour | Defendant. Testimony regarding all allegations in Complaint<br><br>Testimony regarding facts relevant and | |

5

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | SEC 1.5 hours | responsive to allegations in the complaint, and Defendant's defenses to the same. | |
| 10. | Davenport, Dawson | SEC / 2.5 hours<br><br>Defs. Davenport, Owens, Gunton, and Lindstrom/ 4.0 hrs. | Defs. Davenport, Owens, Gunton, and Lindstrom/ 1.0 hrs.<br><br>Yale / 1.00 hour<br><br>SEC 1.5 hours | Defendant. Testimony regarding all allegations in Complaint<br><br>Testimony regarding facts relevant and responsive to allegations in the complaint, and Defendant's defenses to the same. | |
| 11. | Gunton, Robert | SEC / 2.5 hours<br><br>Defs. Davenport, Owens, Gunton, and Lindstrom/4.0 hrs. | Defs. Davenport, Owens, Gunton, and Lindstrom/1.0 hrs.<br><br>Yale / 0.50 hour<br><br>SEC 1.0 hours | Defendant. Testimony regarding all allegations in Complaint<br><br>Testimony regarding facts relevant and responsive to allegations in the complaint, and Defendant's defenses to the same. | |
| 12. | Lindstrom, Andrea | SEC / 2.0 hours<br><br>Defs. Davenport, Owens, | Defs. Davenport, Owens, Gunton, and Lindstrom/ 1.0 hrs. | Defendant. Testimony regarding all allegations in Complaint | |

6

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | Gunton, and Lindstrom/3.0 hrs. | Yale / 1.00 hour<br><br>SEC 1.0 hours | Testimony regarding facts relevant and responsive to allegations in the complaint, and Defendant's defenses to the same. | |
| 13. | Yale, Julie | SEC / 2 hours<br><br>Defs. Davenport, Owens, Gunton, and Lindstrom/1.0 hrs. | Defs. Davenport, Owens, Gunton, and Lindstrom/ 1.0 hrs.<br><br>Yale / 1.00 hour<br><br>SEC 1.0 hours | Defendant. Testimony regarding all allegations in Complaint<br><br>Testimony regarding facts relevant and responsive to allegations in the complaint. | |
| 14. | Oakland, Rourke | SEC / 1.5 hours<br><br>Defs. Davenport, Owens, Gunton, and Lindstrom/0.5 hrs. | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.50 hrs.<br><br>Yale / 0.25 hour<br><br>SEC 0.5 hours | Boiler room sales floor manager, testimony regarding transaction-based compensation, limited job responsibilities of salespersons, role of defendants, past experience working with Owens and Davenport<br><br>Testimony regarding facts relevant and responsive to allegations in the complaint, namely Elite sales floor | The SEC has already identified a witness to testify concerning alleged transaction-based compensation, limited job responsibilities, and the role of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | | operations and relationship to Defendants Owens, Davenport, Gunton, and Lindstrom. | determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. See, third party witnesses identified, *infra*. |
| 15. | Zaldivar, Dora | SEC / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 2.0 hrs.<br><br>Yale / 0.25 hour | SEC accountant and summary witness. Testimony regarding funds raised and amounts received by defendants. | |
| 16. | Duarte, Joseph | SEC / 0.75 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.25 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | Investor in Elite. Testimony regarding significance of disclosures regarding offering costs and compliance with securities laws; solicitation efforts; roles of and communications with defendants. | The SEC identifies multiple witnesses to testify concerning alleged significance of disclosures regarding offering costs, compliance with securities laws, solicitation efforts, and roles of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | | | detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. *See*, third party witnesses identified by the SEC, *infra*. |
| 17. | Good, Matthew | SEC / 1.0 hours | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.25 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.50 hour | Investor in Elite. Testimony regarding significance of disclosures regarding offering costs and compliance with securities laws; solicitation efforts; roles of and communications with defendants; hiring RMM for Lifespeed offering. | The SEC has already identified a witness to testify concerning alleged significance of disclosures regarding offering costs, compliance with securities laws, solicitation efforts, and roles of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | | | not be allowed to present cumulative testimony of several non-parties. *See*, third party witnesses identified by the SEC above and below. |
| 18. | Spears, David | SEC/ 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.25 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | Investor in Elite. Testimony regarding significance of disclosures regarding offering costs and compliance with securities laws; solicitation efforts; roles of and communications with defendants | The SEC has already identified a witness to testify concerning alleged significance of disclosures regarding offering costs, compliance with securities laws, solicitation efforts, and roles of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. *See*, third party witnesses identified |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | | | by the SEC above and below. |
| 19. | Tchen, Henri | SEC / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.25 hrs. (to the extent the SEC may offer this witness's non-cumulative testimony) Yale / 0.25 hour | Investor in Elite. Testimony regarding significance of disclosures regarding offering costs and compliance with securities laws; solicitation efforts; roles of and communications with defendants. | The SEC has already identified a witness to testify concerning alleged significance of disclosures regarding offering costs, compliance with securities laws, solicitation efforts, and roles of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. *See*, third party witnesses identified by the SEC above and below. |
| 20. | Wein, Robert | SEC / 1.0 hour | Owens, Gunton, and Lindstrom/ 0.50 hrs. (to the extent the | Investor in Elite. Testimony regarding significance of disclosures | The SEC has already identified a witness to testify concerning alleged significance of |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| | | | SEC may offer this witness's non-cumulative testimony)<br><br>Yale / 0.25 hour | regarding offering costs and compliance with securities laws; solicitation efforts; roles of and communications with defendants. | disclosures regarding offering costs, compliance with securities laws, solicitation efforts, and roles of Defendants in support of its case. The Court's Civil Trial Order Section III.E. requires "If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative." The SEC's description fails to provide this and the SEC should not be allowed to present cumulative testimony of several non-parties. *See*, third party witnesses, *supra*. |
| 21. | Brooks, Kimberly | Yale / 1.0 hour | Defs. Davenport, Owens, Gunton, and Lindstrom/ 0.25 hrs.<br><br>*SEC/ .75 | Attorney for the Company. Performed work and routinely audited Elite's stock register as well as filing Elite's Reg D filings on behalf of Elite. Acted as transfer agent. | |

| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
|---|---|---|---|---|---|
| 22. | Stephen Miller | Owens, Gunton, and Lindstrom/1.25 hrs. | Yale / 0.25 hour<br><br>SEC 1.0 hours | Elite's Head of Investor Relations. Knowledge of development of false narrative concerning Defendants, in particular, Owens. Tillman and Zia's engagement with investors. | |
| | Adam Eldredge | Owens, Gunton, and Lindstrom/1.0 hrs. | Yale / 0.25 hour<br><br>*SEC 0.75 | Employee of RNN and Evolution. Specific marketing and administrative projects worked on by Evolution and RMM employees for Elite, including numerous projects executed by Mr. Eldredge specifically. | |
| | Saji Gunawardane | Owens, Gunton, and Lindstrom/1.5 hrs. | Yale / 0.25 hour<br><br>*SEC: 1 hour | Counsel for Elite. Role within Elite's management and communications with Defendants Lindstrom, Owens, Gunton, and Davenport; third party accreditation processes and role in effecting same, including relationship with Defendants regarding these processes. | |

13

*The SEC's designation of time expectations for these witnesses does not waive any objections the SEC intends to make regarding their testimony.

Dated: March 1, 2024

Respectfully submitted,

/s/ Kathryn C. Wanner
Kathryn C. Wanner
Counsel for Plaintiff
Securities and Exchange Commission

Dated: March 1, 2024

/s/ John D. Van Loben Sels
John D. Van Loben Sels
Brittany M. Nobles
Counsel for Defendants
Robert A. Gunton, Andrea J. Lindstrom and Michael P. Owens

Dated: March 1, 2024

/s/ Richard D. Farkas
Richard D. Farkas
Counsel for Defendant
Julie A. Yale

**LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Kathryn C. Wanner, attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 1, 2024

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
Counsel for Plaintiff
Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 1, 2024, I caused to be served the document entitled **JOINT WITNESS LIST** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 1, 2024            /s/ Kathryn C. Wanner
                               KATHRYN C. WANNER

*SEC v. Dawson L. Davenport, et al.*
United States District Court—Central District of California
Case No. 8:21-cv-01427-JLS-JDE

**SERVICE LIST**

John D. Van Loben Sels, Esq. (via CM/ECF)
Brittany M. Nobles, Esq.
THOITS LAW
400 Main Street, Suite 250
Los Altos, CA 94022
Email: jvanlobensels@thoits.com
Email: bnobles@thoits.com
*Attorney for Defendants Dawson L. Davenport, Robert A. Gunton, Andrea J. Lindstrom and Michael P. Owens*

Richard D. Farkas, Esq. (via CM/ECF)
LAW OFFICES OF RICHARD D. FARKAS
18401 Burbank Boulevard, Suite 210
Tarzana, CA 91356
Email: richarddfarkas@gmail.com
*Attorney for Defendant Julie A. Yale*