KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
DONALD W. SEARLES
Email: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON L. DAVENPORT, et al.,<br><br>Defendants. | Case No. 8:21-cv-01427-JLS-JDE<br><br>**JOINT PROPOSED STATEMENT OF THE CASE**<br><br>Date: March 8, 2024<br>Time: 10:30 a.m.<br>Ctrm: 10A<br>Judge: Hon. Josephine L. Staton<br><br>Final Pretrial Conference: March 8, 2024 |

Plaintiff Securities and Exchange Commission (the "SEC") and Defendants Dawson Davenport, Michael Owens, Robert Gunton, Andrea Lindstrom and Julie Yale, respectfully submit the following joint statement of the case:

The plaintiff in this case is the United States Securities and Exchange Commission, sometimes referred to as the SEC or the Commission. The SEC is an independent federal agency that is responsible for enforcing the nation's securities laws.

The defendants in this case are Elite Aerospace Group, Inc., Dustin Tillman, Zeeshawn Zia, Michael Owens, Dawson Davenport, Robert Gunton, Andrea Lindstrom and Julie Yale.

Defendant Elite Aerospace Group, Inc., known as Elite, has been dismissed from this case following its bankruptcy and defendants Dustin Tillman and Zeeshawn Zia have entered into settlements with the SEC.

The SEC's first claim is brought under Section 10(b) of the Exchange Act of 1934 and SEC Rule 10b-5. Under that claim, the SEC alleges that each of the remaining defendants – Michael Owens, Dawson Davenport, Robert Gunton, Andrea Lindstrom and Julie Yale – engaged in one or more schemes to defraud Elite's investors and prospective investors.

In the first scheme, the SEC alleges that defendants Owens, Davenport and Lindstrom employed a scheme to defraud and engaged in a fraudulent course of business to create the false appearance of fact that Elite's fund raising efforts were compliant with the securities laws when, in fact, Defendants were operating an illegal boiler room and disseminating false offering materials to prospective investors that represented that Elite's offering costs were as low as 2-10% of the amounts raised when, in fact, Elite's offering costs were almost 30%.

In the second scheme, the SEC alleges that Owens, Davenport, Gunton, Lindstrom and Yale engaged in a scheme to illegally sell approximately $2 million of Elite's shares held by Owen's holding company, RMMH, to investors without the knowledge or consent of Elite.

1

In the third scheme, the SEC alleges that Davenport and Lindstrom engaged in a scheme to falsify Elite's financial statements that were included in the 2018 offering materials that were provided to prospective investors.

The SEC's second claim is brought under 17(a) of the Securities Act of 1993. As the Court will later instruct you, that claim is substantially similar to the SEC's first claim.

The SEC's third claim is brought under Section 5 of the Securities Act and alleges that Owens, Gunton, and Yale sold and offered to sell RMMH's shares of Elite securities, that those sales were not registered with the SEC, and that no exemption to the registration requirements was available.

The SEC's fourth claim is brought under Section 15(a) of the Exchange Act and alleges that Owens acted as an unregistered broker in connection with the boiler room operation, in violation of the broker-dealer registration requirements.

The SEC has the burden to prove each of its claims against each Defendant by a preponderance of the evidence.

The Defendants deny they violated any securities laws.[1]

Specifically, Defendant Yale contends that she provided bookkeeping services for the other defendants, as directed by them, and with their knowledge and consent. She maintains that she was not an officer, director, or otherwise affiliated with the other entities, did not receive any sales commissions, was compensated solely for her bookkeeping services, and did not participate in the sale of any securities.

Defendants Owens, Davenport, Gunton, and Lindstrom deny: any participation in any fraudulent scheme alleged by the SEC; that any of them acted as an unregistered broker-dealer, and to the extent the SEC brings claims under Section 5 of the Securities Act, Defendants are entitled to exemptions from registration. Owens, Gunton, Davenport, Gunton, and Lindstrom contend they never sold securities on behalf of Elite,

---

[1] The SEC objects to the following two paragraphs as duplicative of the denial of liability already stated.

nor did they ever have control over Elite's salespeople.  Each of them was outside consultants to Elite by agreements entered into between Elite and their respective entities, and the entities with whom they worked.  Owens was a shareholder in Elite and also provided marketing and administrative support services through Evolution and RMM.  Gunton is a trained voice actor and coach, and provided marketing and production services through his entity Big Gun Creative.  Dawson Davenport is a real estate and business consultant.  Ms. Lindstrom provides administrative services to companies through her entity Edge of the Desert.

DATED:  March 1, 2024                    Respectfully submitted,

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
Donald W. Searles
Counsel for Plaintiff
Securities and Exchange Commission

DATED:  March 1, 2024                    Respectfully submitted,

*/s/ Richard D. Farkas*
Richard D. Farkas
Counsel for Defendant
Julie Yale

DATED:  March 1, 2024                    Respectfully submitted,

*/s/ John Van Loben Sels*
John Van Loben Sels
Counsel for Defendants
Michael Owens
Dawson Davenport
Robert Gunton
Andrea Lindstrom

3

**LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Kathryn C. Wanner, attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 1, 2024

/s/ Kathryn C. Wanner
Kathryn C. Wanner
Counsel for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

 U.S. SECURITIES AND EXCHANGE COMMISSION,
 444 S. Flower Street, Suite 900, Los Angeles, California 90071
 Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On March 1, 2024, I caused to be served the document entitled **JOINT PROPOSED STATEMENT OF THE CASE** on all the parties to this action addressed as stated on the attached service list:

☐  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐  **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒  **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

 I declare under penalty of perjury that the foregoing is true and correct.

Date: March 1, 2024          */s/ Kathryn C. Wanner*
                   Kathryn C. Wanner

*SEC v. Dawson Davenport, et al.*
United States District Court—Central District of California
Case No. 8:21-cv-01427-JLS-JDE

**SERVICE LIST**

John D. Van Loben Sels, Esq. (via CM/ECF)
Brittany M. Nobles, Esq.
THOITS LAW
400 Main Street, Suite 250
Los Altos, CA 94022
Email: jvanlobensels@thoits.com
Email: bnobles@thoits.com
*Attorney for Defendants Dawson L. Davenport, Robert A. Gunton, Andrea J. Lindstrom and Michael P. Owens*

Richard D. Farkas, Esq. (via CM/ECF)
LAW OFFICES OF RICHARD D. FARKAS
18401 Burbank Boulevard, Suite 210
Tarzana, CA 91356
Email: richarddfarkas@gmail.com
*Attorney for Defendant Julie A. Yale*