Brittany M. Nobles (Bar No. 343513)
Bnobles@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

*Attorneys for Defendants,*
DAWSON L. DAVENPORT; ROBERT A. GUNTON;
ANDREA J. LINDSTROM; MICHAEL P. OWENS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON L. DAVENPORT; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON; ANDREA J. LINDSTROM; MICHAEL P. OWENS; DUSTIN B. TILLMAN; JULIE A. YALE; and ZEESHAWN S. ZIA,<br><br>Defendants. | Case No.:   8:21-cv-01427-JLS-JDE<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION AND MOTION TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Courtroom: 8A, 8th Floor<br>Judge: Hon. Josephine L. Staton |

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Pursuant to Local Rules 17-19 and 83-2.3, Brittany M. Nobles of Thoits Law, A Professional Corporation ("Thoits Law"), counsel for Defendants Michael Owens, Dawson Davenport, Robert Gunton, and Andrea Lindstrom (collectively, the "Clients") hereby moves *ex parte* and respectfully requests that the Court enter an Order permitting Brittany M. Nobles and all other attorneys identified on the docket as affiliated with Thoits Law, including John van Loben Sels and Soyeun D. Choi, to withdraw as counsel of record in this matter for Defendants Dawson L. Davenport, Robert A.

1

1    Gunton, Andrea J. Lindstrom and Michael P. Owens (collectively, the "Clients").

2    The Application is made pursuant to Local Rules 7-19 and 83-2.3.2 and

3    based upon the below supporting Memorandum of Points and Authorities, the

4    supporting Declaration of Brittany M. Nobles, as well as all records and

5    pleadings on file with this Court and such evidence and argument as may be

6    presented should a hearing be held.

7    The Declaration of Brittany M. Nobles ("Nobles Declaration")

8    concurrently filed herewith sets forth Ms. Nobles' efforts to provide oral notice

9    of the time of filing and substance of the Application to counsel for the plaintiff

10   the Securities and Exchange Commission and defendant Julie Yale pursuant to

11   Local Rule 17-19.1.

12   As further detailed in the Nobles Declaration, this Application is made

13   after: (a) providing written notice to the clients, and all other remaining parties in

14   the action as required by Local Rule 83-2.3.2, such notice having been provided

15   by e-mail to counsel for those parties at the email addresses below on June 12,

16   2024; and (b) after determining the position of the opposing party pursuant to

17   Judge Staton's procedures.

18

19   For Plaintiff The Securities and Exchange Commission:

20   **Donald Searles**
     searlesd@SEC.gov
21   **Kathryn Wanner**
     Wannerk@SEC.gov
22   SECURITIES AND EXCHANGE COMMISSION
     444 South Flower Street, Suite 900
23   Los Angeles, CA 90071
     Phone: 323-965-3998
24   Fax: 213-443-1904

25   //

26   //

27   //

28   //

**THOITS LAW**
A PROFESIONAL CORPORATION

1   For Defendant Julie Yale:

2   **Richard Dean Farkas**
    Law Offices of Richard D. Farkas
3   18401 Burbank Boulevard, Suite 210
    Tarzana, CA 91356
4   Phone: 818-975-8038
    Fax: 818-812-7902
5   Email: RicharddFarkas@gmail.com

6

7   Dated: June 13, 2024

8

9                                    Respectfully submitted,

10                                   **THOITS LAW**

11

12

13                        By: _____
                                    */s/ Brittany M. Nobles*
14                                   Brittany M. Nobles
                                     *Attorney for Defendants*,
15                                   DAWSON L. DAVENPORT,
                                     ROBERT A. GUNTON,
16                                   ANDREA J. LINDSTROM
                                     and MICHAEL P. OWENS
17

18

19

20

21

22

23

24

25

26

27

28

**THOITS LAW**
A PROFESIONAL CORPORATION

3

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.    INTRODUCTION**

3

Brittany M. Nobles, an Associate attorney at the law firm of Thoits Law, A

4

Professional Corporation ("Thoits Law"), respectfully requests that the Court

5

permit Ms. Nobles and all other attorneys who appear affiliated with Thoits Law

6

on the docket in this matter—John van Loben Sels and Soyeun D. Choi—to

7

withdraw as counsel for Defendants Dawson Davenport, Michael P. Owens,

8

Robert Gunton, and Andrea Lindstrom (collectively, the "Clients").

9

Unfortunately, there exists an irreconcilable breakdown in communication and

10

the relationship between Thoits Law and the Clients. Although Thoits Law has

11

taken reasonable steps to avoid prejudice to the Clients and their defense in the

12

above captioned matter, the breakdown in communication and relationship

13

between Thoits Law and the Clients cannot be rectified.

14

Furthermore, on June 7, 2024, less than one week ago, John van Loben

15

Sels, lead counsel for the Clients in this case, and who held the closest

16

relationship with the Clients, resigned from his employment as a shareholder of

17

Thoits Law. Nobles Decl., ¶ 8. Ms. Choi, who is still listed as counsel on the

18

docket resigned from her employment with Thoits Law roughly nine months ago.

19

Nobles Decl., ¶ 7. At this time, Ms. Nobles remains the only attorney of record

20

still employed by Thoits Law on the docket for the Clients. Nobles Decl., ¶ 8.  As

21

a result, Ms. Nobles cannot simply file a G-01 form with the Court to be relieved

22

as counsel.

23

Next, while Mr. Matthew Lusich of Fish IP Law, LLP still has not been

24

removed from the docket, neither Mr. Lusich nor any other attorney of Fish IP

25

Law, LLP have participated in the defense or representation of the Clients since

26

July of 2022. Nobles Decl., ¶ 6. As a result, Ms. Nobles cannot simply file a G-

27

123 form with the Court to be relieved as counsel, despite Mr. Lusich still being

28

listed on the docket. As set forth below, this *ex parte* application and motion to

**THOITS LAW**
A PROFESIONAL CORPORATION

permit withdrawal of representation (the "Application") is not made on *an ex parte* basis due to any lack of diligence of Ms. Nobles or Thoits Law. For the reasons stated herein, good cause exists to grant the Application.

## II.    FACTUAL BACKGROUND

This action commenced on August 31, 2021, when the Securities and Exchange Commission filed its complaint against the Clients and other defendants, some of whom have since been dismissed as parties to the action. Dkt. 1. Shortly thereafter, the Clients' representation was handled by John van Loben Sels, then a partner at Fish IP Law, LLP, and other attorneys previously of Fish IP Law, LLP until July 2022. Nobles Decl., ¶ 5. These attorneys included Mr. Matthew Lusich and Ms. Soyeun D. Choi, and eventually Brittany M. Nobles after she was admitted to the California State Bar on May 10, 2022, and the Central District of California shortly thereafter. *Id.* Mr. van Loben Sels was the primary point of contact for the Clients. *Id.*

In July 2022, Mr. van Loben Sels, Ms. Choi, and Ms. Nobles became employed by Thoits Law, which took over representation of the Clients in this matter shortly thereafter. Nobles Decl., ¶ 6. Each of Mr. van Loben Sels, Ms. Choi, and Ms. Nobles have made appearances in this action on behalf of the Clients. *Id.*

In about the beginning of November 2023, Ms. Choi resigned from Thoits Law. Nobles Decl., ¶ 7. Although Ms. Choi has not since represented the Clients in this action, she has not been removed from the docket, and her contact information on the docket is that of Thoits Law. *Id.* She currently has no employment relationship with Thoits Law. *Id.*

After Ms. Choi resigned from Thoits Law, Mr. van Loben Sels and Ms. Nobles continued to represent the Clients in this matter. Nobles Decl., ¶ 8. On June 7, 2024, less than one week ago, Mr. van Loben Sels resigned from his employment with Thoits Law. *Id.* At the time of his resignation, Mr. van Loben

Sels was a shareholder of Thoits Law and Head of Litigation, and Ms. Nobles was and is currently an Associate attorney at Thoits Law. *Id.* At the time of his resignation, Mr. van Loben Sels was still the primary point of contact for the Clients. *Id.*

In the months and weeks leading up to Mr. van Loben Sels' resignation, there was a breakdown in communication and the relationship between Thoits Law and the Clients, which ultimately resulted in an unworkable relationship between Thoits Law and the Clients. Nobles Decl., ¶ 9. Although Thoits Law took reasonable steps to avoid prejudice to the Clients, at this time, and as of June 10, 2024, it is clear that the relationship between Thoits Law and the Clients is completely unworkable. *Id.*

On June 10, 2024, Thoits Law provided notice to Messrs. Davenport, Owens, and Gunton of its intention to file this motion to withdraw. Nobles Decl., ¶ 10. By the time of that notice, the Clients had been made aware of the reasons for Thoits Law's seeking withdrawal from the representation. *Id.* On June 12, 2024, Ms. Nobles further provided notice of this Application under the Local Rules to all of the Clients. *Id.*

On June 12, 2024, Ms. Nobles notified counsel for the plaintiff and the remaining other defendant Ms. Julie Yale by email of her and Thoits Law's intention to file a motion to withdraw from this matter and the grounds for the motion. Nobles Decl., ¶ 11. In addition, Ms. Nobles notified these other parties through their counsel of the *ex parte* nature of the request in view of the unavailability of hearing dates for a regularly noticed motion prior to trial in this action, and the immediate nature and necessity of the motion and relief sought in view of the upcoming July 9, 2024 trial date. *Id.*

In the same communication, Ms. Nobles sought a time to meet and confer to provide oral notice of the time of filing and substance of this *ex parte* application as required by the Central District Local Rules. Nobles Decl., ¶ 12.

THOITS LAW
A PROFESIONAL CORPORATION

The same day, counsel for the SEC agreed to a Zoom teleconference at 2:30 p.m. on June 12, 2024. Ms. Nobles circulated a Zoom teleconference invitation to counsel for the plaintiff the SEC and the other defendant Ms. Yale, and Mr. van Loben Sels who although no longer employed by Thoits Law remains counsel of record in this matter. *Id.*

On June 12, 2024, Ms. Nobles met and conferred with the SEC's counsel who confirmed they did not oppose the *ex parte* nature of this Application, although they were unable to confirm at that time until they spoke with Mr. van Loben Sels whether they opposed the substance of this Application. Nobles Decl., ¶ 13. Neither Mr. Farkas, counsel for Ms. Yale, nor John van Loben Sels attended the teleconference. *Id.* Shortly after the teleconference, counsel for the SEC Kathryn Wanner notified Ms. Nobles that she had since spoken with Mr. van Loben Sels, and she also confirmed that the plaintiff SEC would oppose withdrawal as sought by this Application. Nobles Decl., ¶ 14.

On June 12, 2024, Ms. Nobles attempted to provide oral notice of this *ex parte* Application beyond the written email notice provided to her counsel and to learn of Ms. Yale's position—whether she would oppose this Application. Nobles Decl., ¶ 15. Ms. Nobles was unable to reach Ms. Yale's counsel Mr. Farkas directly and left a voicemail containing the substance of her request and notice of the motion filing date with Mr. Farkas' office. *Id.* However, on June 13, 2024, Mr. Farkas confirmed in writing that Ms. Yale does not oppose this Application. *Id.*

## III.    LEGAL STANDARDS

"Under the Local Rules, '[a]n attorney may not withdraw as counsel except by leave of court.'" *Life Bliss Found. v. Sun TV Network Ltd*., 2014 WL 12613380, at *2 (C.D. Cal. Mar. 7, 2014) citing L. R. 83–2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "An application for leave to withdraw must be made upon written notice given reasonably in advance

to the client and to all other parties who have appeared in the action." L.R. 83–2.3.1. "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008).

## IV.    ARGUMENT

### A. Good Cause Exists To Grant Withdrawal

The Application should be granted because good cause exists to do so. "Counsel seek to withdraw due to a 'breakdown in the attorney-client relationship' and communications between Counsel and Defendants." *Life Bliss Found.*, *supra*. "California Rule of Professional Conduct 3–700(C)(1)(d) permits an attorney to seek leave to withdraw where a client 'renders it unreasonably difficult for the member to carry out the employment effectively.'" *Id.* Such is the case here, as detailed generally in the Nobles Declaration to the extent possible without violating client confidences as mandated by the California Rules of Professional Conduct. *See* Nobles Decl., ¶ 9.

Ms. Nobles has exerted her best efforts to comply with the Local Rules concerning withdrawal and *ex parte* applications (Nobles Decl., ¶¶ 10-15) and to act swiftly to avoid delay and prejudice to the Clients and remaining parties to the action in moving for withdrawal once it became clear the relationship between Thoits Law and the Clients became completely unworkable and that the nature of the relationship rendered it unreasonably difficult for Ms. Nobles and Thoits Law to carry out the employment effectively. *See Life Bliss Found., supra.* For the reasons stated herein, good cause exists to grant the Application and motion to withdraw.

### B. Good Cause Exists To Grant Withdrawal On An Ex Parte Basis

Further, there exists good cause for the *ex parte* nature of this Application, which is not opposed by the opposing party (although they have notified Ms. Nobles that they oppose the motion substantively). Nobles Decl., ¶¶ 13-14. The

THOITS LAW
A PROFESIONAL CORPORATION

8

Court is permitted to grant *ex parte* relief upon a showing of "good cause." "Such application shall state the reasons therefore, and may be granted upon a showing of good cause." *Semiserve Inc. v. Semicon Servs., LLC*, 2014 U.S. Dist. LEXIS 198013 (C.D. Cal. 2014). Here, good cause exists to grant this Application on an *ex parte* basis because, through no delay by Ms. Nobles, there is no time before trial currently set for July 9, 2024, for this Application and motion to withdraw to be heard by the Court. Further, in view of the upcoming trial date, granting the relief sought on an *ex parte* basis would allow Ms. Nobles and Thoits Law the most time to devote their resources to expeditiously transferring any client files to the Clients or their new counsel should Thoits Law learn that they have retained new counsel.

## V.    CONCLUSION

For the foregoing reasons, Ms. Nobles respectfully requests that this *ex parte* Application be granted and that the Court permit Ms. Nobles and all other attorneys identified on the docket in this action as affiliated with Thoits Law— John van Loben Sels and Soyeun D. Choi—to withdraw as counsel for the Clients.

Dated: June 13, 2024

Respectfully submitted,

**THOITS LAW**

By: _____ */s/Brittany M. Nobles* _____

Brittany M. Nobles
*Attorney for Defendants*,
DAWSON L. DAVENPORT,
ROBERT A. GUNTON,
ANDREA J. LINDSTROM
and MICHAEL P. OWENS

9

**THOITS LAW**
A PROFESIONAL CORPORATION