1  JEFFER MANGELS BUTLER & MITCHELL LLP
   JOHN VAN LOBEN SELS (Bar No. 201354)
2  *JvanLobenSels@jmbm.com*
   Two Embarcadero Center, 5th Floor
3  San Francisco, CA 94111-3813
   Telephone: (415) 398-8080
4  Facsimile: (415) 398-5584

5  *Attorneys for Defendants, Dawson L.*
   *Davenport; Robert A. Gunton; Andrea J.*
6  *Lindstrom; Michael P. Owens*

7
                   UNITED STATES DISTRICT COURT
8
                  CENTRAL DISTRICT OF CALIFORNIA
9

10
   SECURITIES AND EXCHANGE            Case No.: 8:21-cv-1427
11 COMMISSION,
                                      **DECLARATION OF MICHAEL**
12          Plaintiff,                **OWENS IN SUPPORT OF**
                                      **DEFENDANTS' OPPOSITION TO**
13      v.                            **PLAINTIFF SECURITIES AND**
                                      **EXCHANGE COMMISSION'S**
14 DAWSON L. DAVENPORT, an            **MOTION FOR INJUNCTIVE AND**
   individual; ELITE AEROSPACE        **MONETARY RELIEF**
15 GROUP, INC. f/k/a ELITE AVIATION
   PRODUCTS, INC.; ROBERT A.          Date:        December 20, 2024
16 GUNTON, an individual, ANDREA J.   Time:        1:30 p.m.
   LINDSTROM, an individual,          Ctrm:        580, Roybal Building
17 MICHAEL P. OWENS, DUSTIN B.        Judge:       Hon. Patricia Donahue
   TILLMAN, JULIE A. YALE; and
18 ZEESHAWN ZIA,

19          Defendants.
                                      Complaint Filed: May 24, 2021
20

21

22

23

24

25

26

27

28

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

I, Michael Owens, declare as follows:

1.     I am over 18 years of age, I am a defendant in the above captioned case, and I have personal knowledge of the following facts, which I declare to be true and accurate to the best of my knowledge and are relevant to the injunctive and monetary relief sought by the SEC in the above captioned case.

2.     I assure the Court under oath that I will not violate the federal securities laws in the future.

3.     I have taken affirmative steps to remove myself from business conduct which arguably touches on the federal securities laws in the manner raised by the SEC's claims in this case.

4.     At all times, I believed my actions in support of Elite Aerospace Products, Inc. ("EAP"), and its successor, Elite Aerospace Group, Inc. ("EAG") (collectively "Elite"), efforts to raise capital were permitted by federal securities laws.

5.     I was the owner and operator of Real Media Marketing, Inc. ("RMM"), from 2014 through 2018, as well as its successor, Evolution Consulting, Inc. ("Evolution"), from 2017 through Evolution's dissolution in 2018, and was the owner and operator of 6 Degrees Services, Inc. ("6 Degrees") from 2014 through 2018.

6.     I was not an owner, operator, employee, associate, agent, or beneficiary of Legacy Leasing at any time, and to the best of my knowledge, Legacy Leasing was owned and operated by Blake Paz at all relevant times.

7.     I was not an owner, operator, employee, associate, agent, or beneficiary of Certified Brands or Pure Source Beverage, and was not engaged in business with either of those entities' efforts to sell securities.

8.     RMM and Evolution provided marketing and consulting services, including media productions and administrative services to Elite from 2014 through 2018, that Elite used to promote itself to prospective customers, investors, and

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

1    acquisition targets.

2        9.      None of RMM, Evolution, 6 Degrees, nor I were responsible for the

3    failure of Elite and the total loss of Elite's share value that harmed Elite's investors

4    when Elite declared bankruptcy in 2021, three years after the contracts between

5    Elite and RMM, Evolution, and 6 Degrees were terminated; nevertheless, if this

6    Honorable Court determines that disgorgement of ill-gotten gains is appropriate, I

7    certify that the following is a fair and accurate accounting of any and all of the

8    accused ill-gotten gains reasonably attributable to my involvement with the

9    marketing and sales of Elite's securities.

10       10.     The SEC's Trial Demonstrative 3.1 summarizes bank transactions from

11   Elite's accounts to RMM in the amount of $4,489,593.61, Evolution in the amount

12   of $3,133,194, and 6 Degrees in the amount of $1,762, 474.19, for a combined total

13   payment of gross receipts to RMM, Evolution, and 6 Degrees of $7,619,376.78. A

14   true and correct copy of the SEC's Trial Demonstrative 3.1 is attached hereto as

15   **Exhibit A**.

16       11.     The SEC's Trial Demonstrative 3.1 (Ex. A) then deducts "Payments to

17   Defendants" from RMM of $817,813.02, Evolution of $722,639.06, and 6 Degrees

18   of $1,537,040.55, resulting in a "Net Amount" of $3,671,780.59 to RMM,

19   $2,410,55.64 to Evolution, and $1,537,040.55 to 6 Degrees, for a total "Net

20   Amount" of $7,619,376.78 paid to RMM, Evolution, and 6 Degrees.

21       12.     This "Net Amount" fails to account for RMM, Evolution, and 6

22   Degrees' legitimate business expenses that should be deducted, and for the

23   legitimate services RMM, Evolution, 6 Degree, and I provided that are unrelated to

24   the accused marketing and sales of Elite's securities. RMM, Evolution, and 6

25   Degrees were companies that paid legitimate business expenses including payroll,

26   rents, and costs of operating an office space to provide marketing services related to

27   the sale of Elite's aerospace products and to promote Elite's business growth

28   through acquisitions, in addition to the marketing and sale of securities that are

1    accused in this case.

2         13.    As a result, the SEC's "Net Amount" grossly exaggerates the amount in

3    which I was alleged to have been unjustly enriched by failing to deduct payments

4    for services that were not accused to be illegal by the SEC and by failing to deduct

5    the legitimate expenses of RMM, Evolution, and 6 Degrees, as well as the business

6    losses that passed down to me personally through those entities, and by not

7    deducting the taxes I paid on the gross receipts that I received from the work that I

8    performed for Elite.

9         14.    Moreover, the SEC never alleged that the sale of data sets from 6

10   Degrees to Elite violated any securities laws, or that the purpose or work of that

11   separate entity ever was wrongful or violated securities laws. Certainly, the SEC put

12   on no proof at trial concerning the work of 6 Degrees.  6 Degrees was never named

13   as a defendant in this action, and no findings of fact were made by the jury at all

14   concerning 6 Degrees, and the SEC made no such arguments at trial. No finding of

15   fact was ever made by the jury that 6 Degrees engaged in conduct that violated

16   securities laws. The jury never made a finding of fact that I engaged in conduct that

17   violated securities laws through my ownership of 6 Degrees. The jury never made a

18   finding of fact that any amounts I received from 6 Degrees are attributable to any

19   wrongdoing or frauds as alleged or as raised at trial in this action; nor did the jury

20   make any such finding in its verdict determining liability for violations of securities

21   laws.

22        15.    RMM, Evolution, and 6 Degrees were companies that provided

23   marketing and consulting services that its clients used to promote its business to

24   customers, potential acquisition targets, and investors. These services included

25   executive summaries, business overviews, products and services support, sales and

26   marketing plans, operating plans, business management and organization, action

27   plans, financial plans, investment opportunities, marketing strategy, tactical

28   marketing plans, effectiveness measurements, management information systems,

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

1    SaaS customer relationship management, planning, strategic business planning,

2    opportunity creation, market evaluation, distribution channels, return-on-investment,

3    consumer research, real estate acquisition, facility lease negotiation, facility design

4    and construction, ethical selling practices, interoffice communication skills, public

5    speaking, professional presence and grooming, core competency evaluations and

6    recommendations, personality profiting, prospect presentation best practices,

7    presentation scripting, sales and marketing content creation, prospecting, call

8    meeting follow-up processes, proven closing methodologies, presentation methods,

9    proper qualification, closing methodology, and client retention best practices. *See*

10   Tr. Exs. 38, 92, 161 (RMM and Evolution's Agreement for Services).

11        16.    In order to provide these services, RMM, Evolution, and 6 Degrees

12   incurred legitimate expenses that were reviewed by RMM, Evolution, and 6

13   Degrees' certified public accountants of Noel Baca, Jr. of 3183-F Airway Ave.,

14   Suite 119, Costa Mesa, CA 92626; and George R. Anderson of 30448 Rancho Viejo

15   Rd, Suite 190, San Juan Capistrano, CA 92675-1572, and accepted by the Internal

16   Revenue Service as legitimate deductions from RMM, Evolution, and 6 Degrees'

17   business expenses deducted from their corporate tax returns. These amounts are also

18   reflected in the profits and loss statements of RMM and Evolution, including

19   legitimate expenses for accounting, auto and truck, business development, computer

20   and internet, dues and subscriptions, event planning, gifts, insurance, legal and

21   professional, marketing, meals and entertainment, media production, office

22   expenses, office meals, outside services, payroll services, postage, printing,

23   production expenses, supplies, surveys, telephone, travel, and utilities, as reflected

24   in the federal and state tax returns attached, hereto.

25        **17.    RMM and Evolution Tax Returns.** A true and correct copy of

26   RMM's 2014 tax returns are attached hereto as **Exhibit B**; a true and correct copy of

27   RMM's 2015 tax returns are attached hereto as **Exhibit C**; a true and correct copy

28   of RMM's 2016 tax returns are attached hereto as **Exhibit D**; and a true and correct

5

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

copy of RMM's 2017 tax returns are attached hereto as **Exhibit E**; a true and correct copy of Evolution's 2017 tax returns are attached hereto as **Exhibit F**; and a true and correct copy of Evolution's 2018 tax returns are attached hereto as **Exhibit G**.

18.    **RMM and Evolution Profit and Loss Statements.** A true and correct copy of RMM's 2014 Profit and Loss Statement is attached hereto as **Exhibit H**; a true and correct copy of RMM's 2015 Profit and Loss Statement is attached hereto as **Exhibit I**; a true and correct copy of RMM's 2016 Profit and Loss Statement is attached hereto as **Exhibit J**; and a true and correct copy of RMM's 2017 Profit and Loss Statement is attached hereto as **Exhibit K**; a true and correct copy of Evolution's 2017 Profit and Loss Statement is attached hereto as **Exhibit L**; and a true and correct copy of Evolution's 2018 Profit and Loss Statement is attached hereto as **Exhibit M**.

19.    **6 Degrees Tax Returns.** A true and correct copy of 6 Degrees' 2014 tax returns are attached hereto as **Exhibit N**; a true and correct copy of 6 Degrees' 2015 tax returns are attached hereto as **Exhibit O**; a true and correct copy of 6 Degrees' 2016 tax returns are attached hereto as **Exhibit P**; a true and correct copy of 6 Degrees' 2017 tax returns are attached hereto as **Exhibit Q**; and a true and correct copy of 6 Degrees' 2018 tax returns are attached hereto as **Exhibit R.**

20.    **My Personal Tax Returns.** A true and correct copy of my 2014 federal and state tax returns are attached hereto as **Exhibit S**; a true and correct copy of my 2015 federal and state tax returns are attached hereto as **Exhibit T**; a true and correct copy of my 2016 federal and state tax returns are attached hereto as Exhibit U; a true and correct copy of my 2017 federal and state tax returns are attached hereto as **Exhibit V**; and a true and correct copy of my 2018 federal and state tax returns are attached hereto as **Exhibit W**.

21.    Should this Honorable Court order disgorgement of the amount that the SEC accuses I was unjustly enriched, I have provided a demonstrative exhibit that summarizes the total net gain that I received from the work that I performed from

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

1 Elite that takes into account the legitimate expenses and taxes paid by RMM,

2 Evolution, 6 Degrees and myself that should be deducted in determining the amount

3 I was unjustly enriched under the SEC's disgorgement request. A true and correct

4 copy of my Demonstrative Summary Exhibit is attached hereto as **Exhibit X**.

5     22.    From 2014 through 2018, RMM and Evolution had total gross receipts

6 of $13,237,522, legitimate expenses of $12,801,070, and paid taxes of $261,024 for

7 a total net gain of $175,428. Ex. B-G, X.

8     23.    From 2014 through 2018, 6 Degrees had total gross receipts of

9 $2,887,930 and legitimate expenses of $2,776,869 for a total net gain of $111,061.

10 *Id.*

11     24.    As accused in the SEC's Demonstrative Exhibit 3.1 (Ex. A) RMM and

12 Evolution's gross receipts of $7,622,788 accounted for 58% of RMM and

13 Evolutions total gross receipts of $12,801,070 for all of RMM and Evolutions

14 clients; therefore, it is reasonable to conclude that 58% of RMM and Evolutions

15 business from 2014 through 2018 can be reasonably attributed to servicing the Elite

16 contract. Ex. X.

17     25.    As accused in the SEC's Demonstrative Exhibit 3.1 (Ex. A) 6 Degrees'

18 gross receipts of $1,762,474 accounted for 61% of 6 Degrees' total gross receipts of

19 $2,887,930 for all of 6 Degrees' clients; therefore, it is reasonable to conclude that

20 58% of 6 Degrees' business from 2014 through 2018 can be reasonably attributed to

21 servicing the Elite contract. *Id.*

22     26.    RMM and Evolution paid legitimate business expenses claimed as

23 deductions on its tax returns of $12,801,070, taxes of $261,024, of which

24 $7,521,769 can be reasonably attributed to the work RMM and Evolution did for

25 Elite. *Id.*

26     27.    6 Degrees paid legitimate business expenses claimed as deductions on

27 its tax returns of $2,776,869 of which $1,694,695 can be reasonably attributed to the

28 work 6 Degrees did for Elite. *Id.*

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

28.    As a result, RMM and Evolution had a total net gain of $101,020 and 6 Degrees had a total net gain of $67,779, for a combined total net gain of $168,799 that was accounted for in its Schedule K-1 distribution to me that was accurately claimed on my personal tax returns and included in Section VII of Exhibit X. *Id.*

29.    As accurately reported on my personal tax returns (Ex. S-W) and RMM, Evolution, and 6 Degrees' corporate tax returns (Ex. B-G, N-R), from 2014 through 2018, I received a total of $1,063,230 from RMM and Evolution and $129,297 from 6 Degrees reported as W-2 income, and an additional $197,396 from RMM and Evolution and $134,231 from 6 Degrees reported as Schedule K-1 profit distributions, for a total gross income of $1,524,154 from RMM, Evolution, and 6 Degrees.

30.    From 2014 though 2018, I had legitimate business expenses that were passed down to my through RMM, Evolution, and 6 Degrees of $96,385. Ex. S-W, X.

31.    From 2014 through 2018, I paid $310,433 on my total income of $1,935,959, for a total net gain of $1,625,526. *Id.*

32.    As a result, the $1,524,154 that I received in total income from RMM, Evolution, and 6 Degrees during that period of five years is 79% of my total income of $1,935,959. *Id.*

33.    From 2014 through 2018, after deducting my legitimate expenses of $96,385 and 79% of the total taxes I paid equal to $244,400, my total net gain from all work that I performed for RMM, Evolution, and 6 Degrees of $1,183,369.

34.    Accounting for the 58% of RMM, Evolution, and 6 Degrees' total gross receipts that can reasonably be attributed to the work RMM, Evolution, and 6 Degrees performed for Elite, my total net gain for all the work I performed for Elite, including work that was both related and unrelated to the sale of Elite's securities, is $688,739.

35.    On January 1, 2014, to assist Elite with its startup costs, and unrelated

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF

to the sale of Elite's securities, I personally loaned Elite $100,000 on a promissory note that I was not repaid, and I did not claim as bad debt on my tax returns. A true and correct copy of the January 1, 2014, promissory note is attached hereto as **Exhibit Y**.

36.    Deducting the bad debt of $100,000 from my personal gains from the work I performed for Elite, without accounting for any interest on that loan to Elite, my net gain that the SEC accuses I was unjustly enriched is $588,739.

37.    As discussed above, the SEC's disgorgement request does not proportionally account for the work that I performed for Elite that the SEC does not accuse, and the jury did not find, was unlawful, including the work that I performed providing business advice and services unrelated to the marketing and sale of Elite securities described in Paragraphs 15-16 above.

38.    Considering that, in addition to the accused sale of securities, I also provided legitimate services that helped Elite market and sell its products and grow its business through acquisitions and partnerships. As a result, I would estimate that at least 1/3 (to at most 2/3) of my time working for Elite was spent helping Elite with work that it used to market and sell its securities; therefore, I respectfully request this Honorable Court to reduce the calculated unjust enrichment by 1/3 to 2/3, for a total disgorgement of **$194,284** to **$388,568**.

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct. Executed on November 21, 2024, at Newport Coast, California.

Michael Owens

DECL. OF MICHAEL OWENS IN OPP. TO SEC'S MOTION FOR INJ. AND MONETARY RELIEF