# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON L. DAVENPORT; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON; ANDREA J. LINDSTROM; MICHAEL P. OWENS; DUSTIN B. TILLMAN; JULIE A. YALE; and ZEESHAWN S. ZIA,<br><br>Defendants. | Case No. 8:21-cv-01427-PD<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED AND ORDERS: (1) FREEZING SPECIFIC ASSETS OF DEFENDANT MICHAEL P. OWENS; (2) REQUIRING AN ACCOUNTING; AND (3) GRANTING EXPEDITED DISCOVERY** |

This matter came before the Court upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted and Orders: (1) Freezing Assets; (2) Requiring an Accounting; and (3) Granting Expedited Discovery.

The Court, having considered the SEC's the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.    The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by *Starbucks Corp. v. McKinney*, 602 U.S. 339 (2024).

C.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendant Michael P. Owens ("Owens) will dissipate, conceal, or transfer assets which could be the subject to an order directing the payment of disgorgement in this action. It is appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate persons and entities can be made, thus preventing the dissipation of assets.

D.    Good cause exists to believe that an accounting of assets is necessary.

E.    Good cause exists for the SEC to conduct expedited discovery.

**I.**

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

**II.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on the title of the following properties, which shall not be mortgaged, transferred, or otherwise hypothecated:

1

- 18 Ronsard, Newport Coast, California, 92657-0114, Assessor's Parcel Number 461-341-44; and

- 8175 Arville Street, #255, Las Vegas, Nevada 89139

upon which the SEC may file a lis pendens to put the public on notice that the real property described above is subject to this temporary restraining order.

## III.

IT IS FURTHER ORDERED, in the event either of the real properties described above have already been sold, mortgaged, transferred, or otherwise hypothecated, the parties to that transaction shall promptly disclose to counsel for the SEC the HUD-1, closing documents, escrow instructions and other documents identifying the source and disbursements of all monies or proceeds from such sale(s), and those monies or proceeds shall be transferred to the Court's registry account pursuant to L.R. 67, where they shall remain undisturbed until further order of the Court and the Clerk of the Court shall, upon service of this order, allow for the deposit of these funds to an interest-bearing account of the Court.  Pursuant to Local Rule 67-2, the Clerk is authorized and directed to deduct from the income earned on the investment a registry fee not to exceed the amount prescribed by the Judicial Conference of the United States.  The depositing parties shall notify all other parties of any deposits into the registry in accordance with Rule 67.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) held in the accounts listed below:

- Schools First Federal Credit Union, account ending x9701;

- Schools First Federal Credit Union, account ending x9016;

- Schools First Federal Credit Union, account ending x5713;

2

- OneNevada, checking account ending x3711;
- OneNevada, savings account ending x3711;
- Edward Jones 401k, account ending 019-1-4;
- USAA, account ending x4859;
- USAA, account ending x1832;
- Schools First Federal Credit Union, account ending x5705;
- Schools First Federal Credit Union, account ending x5010;
- OneNevada, checking account ending x3777;
- OneNevada, savings account ending x3777;
- Charles Schwab, account ending x2217; and
- Owens and Orlina Owens's Personal Retirement Trust.

Any bank, brokerage or financial institution holding any monies or assets in the retirement trusts, brokerage accounts and bank accounts described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**V.**

IT IS FURTHER ORDERED that Owens, within three days of service of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of his assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets, and whether he has transferred, assigned, sold, or encumbered any of his assets since September 20, 2024, the date on which the jury found Owens liable on all claims alleged against him. Such accounting shall be filed with the Court and a copy shall be delivered by email to the SEC to the attention of Kathryn C. Wanner, counsel for the SEC, at wannerk@sec.gov. After completion of the accounting, Owens shall produce to the SEC, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

3

## VI.

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Owens, his assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As Owens and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, the SEC may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction;

(B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Owens shall answer the SEC's interrogatories within three days of service of such interrogatories;

(C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Owens shall produce all documents requested by the SEC within three days of service of such request, with production of the documents made to Kathryn C. Wanner, Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, California 90071, or such person or place as counsel for the SEC may direct in writing;

(D)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Owens shall respond to the SEC's requests for admissions within three days of such requests;

(E)    Pursuant to Rule 45 and the applicable provisions in the Securities Act

and Exchange Act, the SEC may serve subpoenas to third parties; and

(F)    All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by email and overnight courier to the SEC to the attention of Kathryn C. Wanner, Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, California 90071, wannerk@sec.gov, or such other place and person as counsel for the SEC may direct in writing.

**VII.**

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at _____ on _____, 2025, unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

**VIII.**

IT IS FURTHER ORDERED that at _____ on _____, 2025, or as soon thereafter as the parties may be heard, Owens shall appear before the Honorable Patricia Donahue, Magistrate Judge of the United States District Court for the Central District of California, to show cause, if there be any, why a preliminary injunction should not be granted.  Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and served by email and delivered to Kathryn C. Wanner, counsel for the SEC (at the SEC's Los Angeles office, 444 S. Flower Street, Suite 900, Los Angeles, California 90071), wannerk@sec.gov no later than _____ on _____, 2025.  Any reply papers shall be filed with the Court and delivered to opposing counsel no later than _____ on _____, 2025.

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and

5

decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.


Dated: _____, 2025

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE


Presented by:


/s/ Kathryn C. Wanner
Kathryn C. Wanner
Attorney for Plaintiff
Securities and Exchange Commission

6