JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAWSON L. DAVENPORT; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON; ANDREA J. LINDSTROM; MICHAEL P. OWENS; DUSTIN B. TILLMAN; JULIE A. YALE; and ZEESHAWN S. ZIA,<br><br>Defendants. | Case No.8:21-cv-01427-PD<br><br>**FINAL JUDGMENT AS TO DEFENDANT ROBERT A. GUNTON** |

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") filed a Complaint, and defendant Robert A. Gunton ("Defendant") answered the Complaint;

WHEREAS, a jury trial was conducted as to all claims in the Complaint;

WHEREAS, the jury returned a verdict, finding Defendant liable as to all claims against him in the Complaint.

NOW THEREFORE, BASED ON THE FOREGOING:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such

       security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly offering, operating, or participating in any marketing, administrative, compliance, sales, or training program involving a security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his personal account.

3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $861,009.75, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $325,953.42 and a civil penalty in the amount of $184,767.00, pursuant to Section 20(d) of the Securities Act, 15

1  U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3).

2      Defendant shall satisfy these obligations by paying these amounts to the
3  Commission within 30 days after entry of this Final Judgment.

4      Defendant may transmit payment electronically to the Commission,
5  which will provide detailed ACH transfer/Fedwire instructions upon request.
6  Payment may also be made directly from a bank account via Pay.gov through
7  the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may
8  also pay by certified check, bank cashier's check, or United States postal money
9  order payable to the Securities and Exchange Commission, which shall be
10 delivered or mailed to

11     Enterprise Services Center
12     Accounts Receivable Branch
13     6500 South MacArthur Boulevard
14     Oklahoma City, OK 73169

15 and shall be accompanied by a letter identifying the case title, civil action
16 number, and name of this Court; Robert A. Gunton as a defendant in this
17 action; and specifying that payment is made pursuant to this Final Judgment.

18     Defendant shall simultaneously transmit photocopies of evidence of
19 payment and case identifying information to the Commission's counsel in this
20 action.  By making this payment, Defendant relinquishes all legal and equitable
21 right, title, and interest in such funds and no part of the funds shall be returned
22 to Defendant.

23     The Commission may enforce the Court's judgment for disgorgement and
24 prejudgment interest by using all collection procedures authorized by law,
25 including but not limited to, moving for civil contempt at any time after 30 days
26 following entry of this Final Judgment.

27     The Commission may enforce the Court's judgment for penalties by the
28 use of all collection procedures authorized by law, including the Federal Debt

1  Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil
2  contempt for the violation of any Court orders issued in this action. Defendant
3  shall pay post-judgment interest on any amounts due after 30 days of the entry
4  of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall
5  hold the funds, together with any interest and income earned thereon
6  (collectively the "Fund") pending further order of the Court.

7  The Commission may propose a plan to distribute the Fund subject to the
8  Court's approval, as set forth in the concurrently filed Order on Motion for
9  Injunctive and Monetary Relief Following Jury Verdict. Such a plan may
10 provide that the Fund shall be distributed pursuant to the Fair Fund provisions
11 of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain
12 jurisdiction over the administration of any distribution of the Fund, and the
13 Fund may only be disbursed pursuant to an Order of the Court.

14 Regardless of whether any such Fair Fund distribution is made, amounts
15 ordered to be paid as civil penalties pursuant to this Judgment shall be treated
16 as penalties paid to the government for all purposes, including all tax purposes.

## VIII.

18 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any
19 debt for disgorgement, prejudgment interest, civil penalty or other amounts due
20 by Defendant under this Judgment or any other judgment, order, consent order,
21 decree or settlement agreement entered in connection with this proceeding, is a
22 debt for the violation by Defendant of the federal securities laws or any
23 regulation or order issued under such laws, as set forth in Section 523(a)(19) of
24 the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: April 24, 2025

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE