KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
DONALD W. SEARLES (Cal Bar No. 135705)
Email: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Gary Y. Leung, Associate Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  vs.<br><br>DAWSON L. DAVENPORT; ELITE AEROSPACE GROUP, INC. f/k/a ELITE AVIATION PRODUCTS, INC.; ROBERT A. GUNTON; ANDREA J. LINDSTROM; MICHAEL P. OWENS; DUSTIN B. TILLMAN; JULIE A. YALE; and ZEESHAWN S. ZIA,<br><br>     Defendants. | Case No. 8:21-cv-01427-PD<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MICHAEL OWENS' *EX PARTE* APPLICATION TO LIFT STAY (DKT. NO. 371)** |

## I.    **INTRODUCTION**

Plaintiff Securities and Exchange Commission ("SEC") opposes Michael Owens' ("Owens") *ex parte* application to lift the stay imposed by the Court's order issued on July 15, 2025 ("Order").

In its Order, the Court denied the SEC's request for a preliminary injunction to continue the temporary restraining order entered on April 14, 2025, and modified on June 10, 2025, reasoning that it lacked ancillary jurisdiction to grant the requested relief as to non-party Orlina Owens because the SEC had yet to file its fraudulent transfer claim to set aside the Owenses' marital settlement agreement. However, exercising its equitable jurisdiction and inherent authority to control its docket, the Court stayed its July 15 Order until July 23, 2025, at which time the asset freeze would lift if the SEC has not brought a fraudulent transfer claim by that date.

Owens contends that the Court abused its discretion in staying its Order and that it should have lifted the asset freeze once it concluded that it lacked authority to issue a preliminary injunction in the absence of the SEC having a filed a fraudulent transfer claim. In so arguing, Owens ignores the fact that the SEC filed a fraudulent conveyance claim against Michael and Orlina Owens on July 14, 2025, one day *before* the Court's Order was entered. *See SEC v. Owens, et al.*, C.D. Cal. Case No. 8:25-cv-01536-MRA-DFM (Dkt. No. 1). As a result, the Court need not have stayed its Order since, by the plain terms of its Order, the asset freeze will remain in effect until at least August 11, 2025, now that the SEC's fraudulent transfer claim has been filed.[1] Thus, Owens' *ex parte* application to lift the stay should be denied as moot. Furthermore, by July 22, 2025, well in advance of the August 11, 2025 deadline set by the Court, the SEC will be filing a request for a temporary restraining order for an asset freeze and request for a

---

[1] Pursuant to the Court's Order, within one week of the SEC bringing a fraudulent conveyance claim (*i.e*, on or before July 21, 2025), the SEC, Owens and Orlina Owens may submit a supplemental pleading setting forth their positions regarding the asset freeze. By stipulation, the parties have agreed to extend the date to file their supplemental pleadings to July 24, 2025, and have filed a stipulation and proposed order to that effect. Dkt. No. 373.

1

preliminary injunction in the newly filed fraudulent conveyance action at Case No. 8:25-cv-01536-MRA-DFM.

## II.    **ARGUMENT**

In its July 15 Order, the Court recognized that it had the power to exercise jurisdiction over pre-judgment and post-judgment fraudulent transfer claims for the purpose of enforcing its judgment against defendant Owens, including potential claims under California's Uniform Voidable Transactions Act ("CUVTA") to set aside the MSA at issue. Order at 2. The Court, however, chose not to reach the issue of whether the SEC is likely to succeed on the merits of a potential CUVTA claim over the MSA, as the SEC had yet to file such an independent claim. *Id*. at 3. Now that the SEC has filed a complaint alleging its fraudulent transfer claims – that case is currently assigned to Judge Almadani – this district court plainly has jurisdiction to consider it.

Furthermore, for all the reasons previously expressed by the SEC in its prior pleadings on this matter (*see* Dkt. Nos. 273, 287, 302, 318, 339), the Court has ancillary jurisdiction to maintain the status quo in the SEC's original enforcement action by continuing its asset freeze pending the resolution of the SEC's fraudulent conveyance claim against Owens and Orlina Owens or, at the very least, until the SEC's request for preliminary injunctive relief to maintain the TRO is heard by Judge Almadani or reheard by this Court should that case ultimately be assigned to Your Honor. The Court has already found a risk of dissipation of assets should the asset freeze be lifted. The Court has also determined that the balance of the hardships tips decidedly in the SEC's favor. The SEC has demonstrated to this Court that in the absence of an asset freeze, the SEC would be left with a largely uncollectible judgment.[2] On the other hand, despite this Court's asset freeze, Orlina Owens has already obtained $1.3 million from the sale of the

---

[2] Owens contends that any disgorgement Owens may pay would not benefit investors, as Elite is in bankruptcy and its secured creditors would take whatever Owens may pay in disgorgement. Owens does not understand the Fair Fund provisions of Section 308(a) of the Sarbanes Oxley Act of 2002, where any monies the SEC may collect in the form of penalties and disgorgement would be distributed to defrauded shareholders and would not be treated as an asset of Elite's bankruptcy estate. *See* 15 U.S.C. § 7246(a).

Ronsard property, funds which are now likely located in overseas accounts, which should be more than enough to meet her ordinary living expenses and legal expenses while the SEC's fraudulent conveyance claim is litigated to its conclusion.

Last, Owens' assertion that the Court abused its discretion in staying its Order to July 23, 2025, whereupon the asset freeze would be lifted if the SEC has not filed a fraudulent conveyance claim by that date, is moot as the SEC filed its claim *before* the Court entered its Order.  As such, the stay was not strictly necessary and, even if it were to be lifted, under the plain terms of the Court's Order the asset freeze will remain in place until at least August 11, 2025.

## III.    <u>CONCLUSION</u>

For all of the foregoing reasons, Owens' *ex parte* application to lift the stay should be denied.


DATED:  July 21, 2025                    Respectfully submitted,


                                        */s/ Kathryn C. Wanner*
                                        Kathryn C. Wanner
                                        Donald W. Searles
                                        Counsel for Plaintiff
                                        Securities and Exchange Commission

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned counsel of record for Plaintiff Securities and Exchange Commission ("SEC") certifies that this brief contains 944 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 21, 2025

/s/ Kathryn C. Wanner
Kathryn C. Wanner
Counsel for Plaintiff
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 21, 2025, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MICHAEL OWENS' *EX PARTE* APPLICATION TO LIFT STAY (DKT. NO. 371)** on all the parties to this action addressed as stated on the attached service list:

☐    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 21, 2025          */s/ Kathryn C. Wanner*

Kathryn C. Wanner

*SEC v. Dawson Davenport, et al.*
**United States District Court—Central District of California**
**Case No. 8:21-cv-01427-PD**

### SERVICE LIST

John D. Van Loben Sels, Esq. (via CM/ECF)
Sideman & Bancroft LLP
1 Embarcadero Center, 22 Rockridge Road, 22nd Floor
San Francisco, CA 94111
Email:  jvanlobensels@sideman.com
***Attorney for Defendant Michael P. Owens***

Brittany M. Nobles, Esq. (via CM/ECF)
Sideman & Bancroft LLP
1 Embarcadero Center, 22 Rockridge Road, 22nd Floor
San Francisco, CA 94111
Email:  bnobles@sideman.com
***Attorney for Defendant Michael P. Owens***

Richard D. Farkas, Esq. (via CM/ECF)
LAW OFFICES OF RICHARD D. FARKAS
18401 Burbank Boulevard, Suite 210
Tarzana, CA 91356
Email:  richarddf@aol.com
Email:  richarddfarkas@gmail.com
***Attorney for Defendant Julie A. Yale***

Dawson L. Davenport (via CM/ECF)
Email: dawsondavenport@icloud.com
***Pro Se***

Robert A. Gunton (via CM/ECF)
Email: robertgunton@icloud.com
***Pro Se***

Andrea J. Lindstrom (via CM/ECF)
Email: geminariesgoddess@gmail.com
***Pro Se***